**Yundi ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 07–5201–ag.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2008.

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Mark C. Walters, Assistant Director; James A. Hurley, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present RALPH K. WINTER, JOSEPH M. McLAUGHLIN, and GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yundi Zhang, a native and citizen of the People's Republic of China, seeks review of a November 5, 2007 order of the BIA affirming the February 14, 2006 decision of Immigration Judge ("IJ") Brigitte Laforest denying Zhang's application for asylum, withholding of removal, and relief under the CAT. *In re Yundi Zhang*, No. A 97 952 802 (B.I.A. Nov. 5, 2007), *aff'g* No. 97 952 802 (Immig.Ct.N.Y.City, Feb. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

We find that the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly based her adverse credibility determination on her finding that it was implausible that Zhang, as a factory machinist, would have access to his company's financial records. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007) (providing that an implausibility finding is supported by substantial evidence where "the reasons for [the agency's] incredulity are evident"). The IJ also

properly concluded that Zhang's testimony that his family's home was destroyed was undermined by his submission of a letter from his parents which made no mention of the destruction of the house and, in fact, indicated that his parents were still living at the same address more than a year after the house had allegedly been demolished. *See* INA § 208(b)(1)(B)(iii).

Based on the implausibilities and inconsistencies identified by the IJ, we cannot find that the agency erred in concluding that, when the "totality of the circumstances" were considered, Zhang was not a credible witness. *See id.* Accordingly, the IJ's adverse credibility determination was a proper basis for denying Zhang's asylum claim. *See id.* Because the only evidence of a threat to Zhang's life or freedom depended on his credibility, the adverse credibility finding is also fatal to his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *see also Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).